# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CAROLINA FLUID HANDLING INTERMEDIATE HOLDING CORP., a Delaware corporation, et al.[1] (f/k/a Fluid Routing Solutions Intermediate Holding Corp.) | Case No. 09-10384 (CSS) (Jointly Administered) |
| Debtors | |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Carolina Fluid Handling Intermediate Holding Corp. (f/k/a Fluid Routing Solutions Intermediate Holding Corp.) | |
| Plaintiff | |
| v. | Adv. Pro. No. _____ |
| LIANDA CORPORATION, a Ohio corporation, | |
| Defendant. | |

## COMPLAINT FOR AVOIDANCE
## AND RECOVERY OF PREFERENTIAL TRANSFERS

Plaintiff, Alfred T. Giuliano, in his capacity as the duly authorized Chapter 7 Trustee of

the estate of Carolina Fluid Handling Intermediate Holding Corp. (the "Trustee or "Plaintiff"),

by and through its undersigned counsel, submits this Complaint for Avoidance and Recovery of

Preferential Transfers (the "Complaint") against Lianda Corporation, a Ohio corporation (the

"Defendant"), its successors, assigns and ultimate transferees, and alleges as follows:

---

[1] The Debtors in these cases and the last four digits of each Debtor's federal tax identification number, are:  Fluid Routing Solutions Intermediate Holding Corp (1438), Fluid Routing Solutions, Inc. (1567), Fluid Routing Solutions Automotive, LLC (f/k/a Mark IV Automotive LLC) (6301) and Detroit Fuel, Inc. (4910).  The address for each of the Debtors is 1955 Enterprise Drive, Rochester Hills, MI  48309.

## NATURE OF THIS ACTION

1.      On February 6, 2009 (the "Petition Date"), Carolina Fluid Handling Intermediate

Holding Corp. (f/k/a Fluid Routing Solutions Intermediate Holding Corp.) (Case No. 09-10384

(CSS)); Carolina Fluid Handling, Inc. (Case No. 09-10385 (CSS)); Carolina Fluid Handling

Automotive, LLC (Case No. 09-10386 (CSS)); and Detroit Fuel, Inc. (Case No. 09-10387

(CSS)), each filed a voluntary petition for relief under chapter 11 of the United States

Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court"). All four debtors are collectively referenced herein as the

"Debtors" and all four bankruptcy cases referenced as the "Bankruptcy Case."

2.      Through this Complaint, the Plaintiff seeks a money judgment resulting from and

relating to all transfers made by Carolina Fluid Handling Intermediate Holding Corp., and its

affiliated entities (the "Debtors"), in the above-captioned case, during the 90 days before the

commencement of the Debtor's chapter 11 case on February 6, 2009, (the "Commencement

Date") and/or as particularly identified herein (the "Transfers"). In particular, the Complaint

seeks the entry of a judgment in favor of the Plaintiff and against the Defendant avoiding the

Transfers described below, and preserving and recovering the Transfers described below or their

equivalent monetary value pursuant to sections 547 and 550 of the Bankruptcy Code.

## THE PARTIES

3.      The Plaintiff is Alfred T. Giuliano, as the appointed Chapter 7 Trustee of the

Debtors' estates, as approved by this Court's Order entered on October 2, 2009. The Plaintiff is

authorized to exercise and perform the rights, powers and duties held by the bankruptcy estate

(the "Estate"), including without limitation, the authority to exercise all rights and powers under

section 506(c) and sections 544 to 551 of the Bankruptcy Code.

4.      The Defendant is a corporation formed under the laws of the State of Ohio.

5.      The Defendant was, at all material times, a vendor to and a creditor of the Debtor.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and § 1334(a) and this is a core proceeding pursuant to 28 U.S.C. § 157.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8.      The statutory predicates for the relief requested herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

## FACTS

9.      On the Commencement Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  On October 2, 2009, this Court entered an order and converted the chapter 11 proceedings to chapter 7 of the Bankruptcy Code.

10.      On October 2, 2009, the Court appointed Alfred T. Giuliano as the Chapter 7 Trustee of the estate of Carolina Fluid Handling Intermediate Holding Corp. and the related debtors which are jointly administered: Fluid Routing Solutions, Inc. (Case No. 09-10385 (CSS)); Fluid Routing Solutions Automotive, LLC (Case No. 09-10386 (CSS)); and Detroit Fuel, Inc.(Case No. 09-10387 (CSS)).

11.      The Debtor Fluid Routing Solutions, Inc. a subsidiary of Fluid Routing Solutions Intermediate Holding Corp., made transfers directly to the Defendant in the total amount of $114,085.94 within the 90 days prior to the Commencement Date.  The details of the Transfers

are set forth on Exhibit A which is attached hereto and incorporated by reference. Plaintiff has check copies within its possession which are available upon request.

### FIRST CLAIM FOR RELIEF
**(Avoidable Transfers -- 11 U.S.C. § 547)**

12.    The Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

13.    The Debtors were designers and manufacturers of fuel management systems, fluid handling systems and hose extrusion products for the automotive industry in the United States and other international markets. Their primary end customers included General Motors, Chrysler, Ford, and Toyota. The Debtors manufactured their products in facilities located in Tennessee, Michigan, Florida and South Carolina. In the ordinary course of the Debtors' businesses, many suppliers and vendors provided the Debtors with products and services for which the Debtors made payment.

14.    Within 90 days prior to the Commencement Date, the Debtors made the Transfers to the Defendant in payment for previously ordered products and/or services in the total amount of $114,085.94, and as specifically identified on Exhibit A attached hereto.

15.    The Transfers were made to the Defendant as a creditor of the Debtors for products and/or services rendered by the Defendant to the Debtors and as typically referenced in an invoice and/or purchase order exchanged between the parties, was on account of an antecedent debt incurred and owed by the Debtors to the Defendant before the Transfers were made.

16.    The Transfers were made while the Debtors were insolvent as the debts and obligations of the Debtors, including unfunded benefit liabilities of the Debtors' Employees Retirement Income Fund, well exceeded the value of their assets.

17.     The Transfers to the Defendant enabled the Defendant to receive more than it would have received if: (i) the Debtor's case was a case under chapter 7 of the Bankruptcy Code; (ii) if the Transfers had not been made; and (iii) the Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

18.     Upon the foregoing, the Plaintiff is entitled to an order and judgment against the Defendant under section 547 of the Bankruptcy Code that each of the Transfers is avoided.

## SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

19.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

20.     Upon information and belief, the Defendant is the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee.

21.     Upon information and belief, the Defendant had dominion and control over the Transfers and had a legal right to use the proceeds of such Transfers for its own purposes.

22.     As alleged above, the Plaintiff is entitled to avoid the Transfers under section 547 of the Bankruptcy Code. As the Defendant is the initial, immediate or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i)     on Count I, for a determination that each of the Transfers is avoidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code, and that the Plaintiff is entitled to recover each of the Transfers or the value thereof;

(ii)    on Count II, judgment in favor of the Plaintiff and against the Defendant determining that the Plaintiff is entitled to recover the Transfers for the benefit of the Estate, pursuant to section 550 of the Bankruptcy Code;

(iii)    awarding prejudgment interest to the Plaintiff from the date of notice of the claim therefor;

(iv)    awarding to the Plaintiff the costs of suit incurred herein; and

(v)    for such other and further relief as the Court may deem just and proper.

Dated:  February 3, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

_____ */s/ Bradford J. Sandler* _____
Laura Davis Jones (Bar No. 2436)
Andrew W. Caine (pro hac vice pending)
Bradford J. Sandler (Bar No. 4142)
Jeffrey Nolan (pro hac vice pending)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
         acaine@pszjlaw.com
         bsandler@pszjlaw.com
         jnolan@pszjlaw.com
         pkeane@pszjlaw.com

*Special Counsel for Alfred T. Giuliano,*
*Chapter 7 Trustee*

# EXHIBIT A

| Bankruptcy Case: Carolina Fluids | | | | |
|---|---|---|---|---|
| Transfer Date Range: 11/08/2008 through 02/05/2009 | | | | |
| | | | | |
| | | | | |
| Vendor Information: | LIANDA CORP. | | | |
| | Address 1 | | Address 2 | |
| | P O BOX 712836 | | 1340 Corporate Drive | |
| | CINCINNATI, OH  45271-2836 | | Suite 500 | |
| | | | Hudson, OH  44236 | |
| | | | | |
| Attn: | | | Phone: | (330) 653-8341 |
| | | | Fax: | (330) 653-3189 |
| | | | | |
| Preferential Transfers: | | | | |
| Check # | Check Date | Clear Date | Amount | Description |
| 20018477 | 11/10/08 | 11/17/2008 | $    17,238.32 | |
| 20018972 | 11/25/08 | 12/01/2008 | 43,228.02 | |
| 20019431 | 12/10/08 | 12/16/2008 | 17,049.76 | |
| 20019713 | 01/02/09 | 01/08/2009 | 20,449.79 | |
| 20020366 | 01/10/09 | 01/16/2009 | 16,120.05 | |
| TOTAL | | | 5 $    114,085.94 | |

9/1/2010 16:30